**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:06-cr-00065

AARON D. CAMPBELL,

          Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On August 28, 2014, the Defendant, Aaron D. Campbell, appeared in person and by counsel, Tim C. Carrico, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* and *Amendment to Petition* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Joshua C. Hanks, Assistant United States Attorney. United States Probation Officer Justin Gibson was also present at the hearing.

On August 28, 2006, the Defendant was sentenced to a term of imprisonment of 120 months to be followed by a 5 year term of supervised release. On February 21, 2008, the Defendant's sentence was reduced to 78 months imprisonment following a Rule 35(b) motion by the United States. The Defendant was released from custody on September 7, 2011, and began serving his term of supervised release on that date. On July 30, 2014, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release. On August 4, 2014, the *Amendment to Petition* was filed charging the Defendant with violation additional conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and *Amendment*, and that the evidence against the Defendant had been disclosed.   The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition* and *Amendment,* specifically:

**Petition:**

1. **Violation of standard condition:   The defendant shall not commit another federal, state, or local crime:**

   On July 29, 2014, members of the Charleston, West Virginia, Police Department responded to a disturbance call at the offender's residence.   Upon arriving at the scene, officers made contact with the offender on the front porch of the residence. When asked to come down from the porch, the offender refused and was noncompliant with officers.   At this time, officers approached the offender and were able to secure him.   According to the victim, Alisha Campbell, she was taking a shower and heard the offender speaking loudly toward her son.   Mrs. Campbell indicated that when she got out of the shower, she learned the offender was upset because he could not locate the charger for his PlayStation controller.

   Mrs. Campbell advised that she retrieved the controller from behind a couch cushion and gave it to the offender.   She stated that she then went to her son and advised him not to talk to the offender and to stay out of his way.   At this point, the offender confronted Mrs. Campbell and asked her what she was saying to her son.

   Mrs. Campbell informed the offender that she was speaking with her son and that it didn't concern the offender.   She reported that she went into their bedroom and slammed the door behind her.   The offender came into the room and told her, "Don't be slamming shit around here."   She indicated that the offender became verbally abusive toward her and that he drew his fist back and threatened to hit her. Mrs. Campbell advised that she walked outside to get away from the offender, but he followed her and demanded that she give him all of the belongings for their baby because he was going to take her away and Mrs. Campbell would never see her again.   The offender went back inside the residence and Mrs. Campbell stated that she could hear the offender arguing with her 11-year-old son.   Mrs. Campbell disclosed that she returned to the residence and went into the bathroom.   She reported that when she exited the bathroom, the offender pulled a handgun out and advised that he would "kill her right now."   Mrs. Campbell stated that she asked the offender if he was going to kill her in front of their children.   Shen then walked

away from the offender.   Mrs. Campbell advised that she was able to get away from the offender long enough to contact her mother, who in turn contacted law enforcement.   With Mrs. Campbell's consent, officers searched the residence and her vehicles, but were unable to locate a handgun.   The offender was arrested for domestic assault.

Mrs. Campbell reported that a short time after officers left her residence, she searched for the handgun and located it under a couch cushion in their basement. She contacted law enforcement and they advised her not to touch the firearm.   At approximately 1:51 a.m., members of the Charleston, West Virginia, Police Department returned to the residence and recovered a Glock Model 17 pistol which had on 9mm round of ammunition in the chamber and ten 9mm rounds of ammunition in the magazine.

As of this writing, the offender has been released on a $3,000.00 personal recognizance bond.

Mrs. Campbell has filed a Domestic Violence Emergency Protective Order against the offender.   The investigation regarding the firearm is ongoing.

**Amendment to Petition:**

2.    **Violation of standard condition:   The defendant shall not unlawfully possess a controlled substance.   The defendant shall refrain from any unlawful use of a controlled substance.**

On August 1, 2014, the offender verbally admitted using marijuana.

3.    **Violation of standard condition:   The defendant shall refrain excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

On August 1, 2014, the offender verbally admitted consuming an excessive amount of alcohol the previous night.

In making these findings, the Court relied upon the information contained in the *Petition* and *Amendment*, the Defendant's statements, and the Defendant's counsel's statements regarding the violations contained in the *Petition* and *Amendment*.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **6 MONTHS**.  Upon release from prison, the Defendant shall be placed on supervised release for a term of **54 MONTHS**, with the special condition that he engage himself immediately in the Batterer's Intervention and Prevention Program administered by the YWCA in Charleston, West Virginia, at his expense, and participate fully in the program as instructed by the probation officer until its completion.  Further, as a special condition of supervised release, the Court orders the Defendant to participate in marriage counseling as directed by the United States Probation Officer.  Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released.  While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. The Defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1)   If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

2)   Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

3)  As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

4)  A term of community service is imposed on every offender on supervised release or probation.  Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation.  The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

5)  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:      September 5, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE